IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM LEROY TRIMBLE,

    Plaintiff,                       No. CIV S-05-1862 DFL DAD P

    vs.

SGT. RAYLS, et al.,

    Defendants.             FINDINGS AND RECOMMENDATIONS

                                /

        Plaintiff, a Yolo County Jail inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 together with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1]

        The district court is required to screen complaints brought by inmates seeking relief against a governmental entity or against any officer or employee of a governmental entity. See 28 U.S.C. § 1915A. In the present case, plaintiff has sued five officers employed by the Sheriff of Yolo County at the Monroe Detention Center. Plaintiff alleges as follows: when he was brought to the facility on June 7, 2005, he informed defendants Rayls and Frisco during the

---

[1] Plaintiff's in forma pauperis application does not include a certified copy of plaintiff's jail trust account statement for the six month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2). Such a statement would be required if this action were to proceed.

1

1  booking process that he is a prison gang dropout and has safety concerns; defendants Rayls and
2  Frisco failed to take plaintiff's concerns seriously; plaintiff was housed in the general population,
3  where he was assaulted by inmates; on June 17, 2005, plaintiff was released to continue his term
4  of parole; plaintiff was arrested and returned to the detention center on June 23, 2005; plaintiff
5  again voiced safety concerns during the booking process but was housed in the general
6  population; on July 21, 2005, plaintiff became aware that another inmate was urging plaintiff's
7  cell mate to stab plaintiff; plaintiff sent a message to staff by means of inmates in a neighboring
8  cell; in response to the message, defendants Westra and Holts removed plaintiff from his cell and
9  took him to booking; in booking, plaintiff informed defendants Westra, Holts, and Zetwetz of his
10 safety needs; defendants Westra, Holts, and Zetwetz placed plaintiff back in his cell, where he
11 was assaulted; after the second assault, plaintiff was moved to administrative segregation.
12 Plaintiff seeks an investigation of the officers at the Monroe Detention Center as well as a large
13 sum of damages for cruel and unusual punishment as well as unspecified discrimination.

   Plaintiff alleges that a grievance procedure is available at the institution and that he has filed a grievance concerning the facts relating to his complaint. Plaintiff affirmatively alleges that the grievance process is not completed.

   Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion of prison administrative procedures is required regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). A remedy is deemed to be "available" for purposes of § 1997e(a) as long as the administrative process has authority to take some action in response to the prisoner's grievance, even if the action that might be taken is not the remedial action sought by the prisoner. Id. at 736. Courts are not permitted to read futility or other exceptions into the statutory exhaustion requirements. Id. at 741 n.6.

A prisoner's concession to nonexhaustion is a valid ground for dismissal of an action. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 (9th Cir. 2003); <u>McKinney v. Carey</u>, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (per curiam). In the present case, plaintiff's complaint contains a concession to nonexhaustion of available administrative remedies. This action should be dismissed without prejudice to the filing of a new civil rights action after plaintiff completes the grievance process and thereby exhausts available administrative remedies.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice due to plaintiff's failure to exhaust available administrative remedies before bringing this action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 21, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
trim1862.efr